Caruthers, J.,
delivered the opinion of the Court.
In this action of slander, the plaintiff recovered five dollars damages, for which the judgment of the court was rendered against the defendants, together with all the costs, amounting to about three hundred and twenty-four dollars.
. The only question made in the case is as to the correctness of the judgment for the costs. The defendants insist that no more cost than damages can be recovered against them. ■
*633 The case depends upon the construction of two conflicting sections of the Code.
Section 3198 under the head of “Costs in Civil Actions” provides, “ that in all civil actions founded upon assaults, assaults and battery, malicious prosecution, false imprisonment, slanderous ivords," &c., “ the plaintiff recovers no more costs than damages, unless the recovery exceed five dollars.”
Section 3402, under the bead of “ Slander and Libel,” provides, that, “where the verdict in slander is under five dollars, the plaintiff shall recover no more costs than damages.”
If the first section governs the case the judgment for all the costs is wrong, because the damages do not exceed five dollars, but it is right if the last section applies, because the damages given is not under five dollars.
The successful party is entitled to full costs unless the case falls under some exception : Code, 3191. This case is not excepted unless it is embraced by sec. 3198.
By inadvertance on the part of the Revisors and the Legislature, this conflict, with some others, are found to exist in the Code. Nothing less could be expected in a work so great and complicated. They have, and must produce a good deal of perplexity and trouble to the courts, whose duty it is to administer the law, as questions may arise upon it. We must ascertain the intention of the Legislature by the best light we have, and the established rules of Construction.
One general rule, is, that in doubtful cases, it will be presumed that it was not intended to change but only to revise or compile the old statutes.
As far back as 1715, ch. 27, Car. and Nich. 188, the words of sec. 3402, were employed in relation to actions of slander. In 1829, ch. 1, Car. and Nich. 190, the words of the other section of the Code are used in reference to all the other actions embraced therein, except slander. So, the first section is in conformity Avith the old law in requiring the damages to exceed five dollars, in assaults and battery, false imprisonment, &c., and the last section in like manner conforms to the existing law in relation to slander in the other provision. In *634 addition to tliis argument, it might be remarked that the mere fact that the provision as to slander stands alone, and under that distinct head in sec. 3402, is entitled to some weight in the construe! ion.
According to this view the judgment of the Court for a’l the costs against the defendants was right, and wo discharge the supersedeas, dismiss the writ of error, and enter judgment here for all the costs not paid, against the original defendants and their sureties for the writs of error and supersedeas.